UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JEFFREY J. DEROSIA AND
WIFE CATINA MARIE DEROSIA

VERSUS

HMO LOUISIANA, INC. (A/K/A
BLUE CROSS AND BLUE SHIELD
LOUISIANA)

CIVIL ACTION

NUMBER 12-632-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Before the court is HMO Louisiana, Inc.'s Motion Adopting Defendant's Motion for Summary Judgment on the Merits. Record document number 16. Plaintiffs filed a response to the court's earlier order to file memoranda addressing the whether summary judgment for HMO Louisiana, Inc. should be granted.[1] Plaintiffs filed this same memorandum again after the summary judgment motion was filed.[2]

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the

---

[1] Record document number 14, Order; record document number 15, Plaintiff's Memorandum in Opposition to Summary Judgment.

[2] Record document number 18.

record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The court previously granted Defendant's Motion for Summary Judgment on the Merits filed by defendant Louisiana Health Services & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Blue Cross").[3] Defendant HMO Louisiana moved for summary judgment on the ground previously asserted by defendant Blue Cross, and also argued that it was incorrectly named as a defendant because the plaintiffs were never covered by any insurance plan or policy issued by HMO Louisiana.

On this latter ground, the summary judgment record establishes that HMO Louisiana is entitled to summary judgment. The affidavit of Anita Stewart, the Manager of Group Accounts in the Membership

---

[3] Record document number 9, motion; record document number 11, Ruling on Motion for Summary Judgment. In that ruling the court determined that the medical services for which the plaintiffs seek recovery in this action are excluded from coverage, even if they were medically necessary at the time they were provided, under Article XIX, sections A and B(9) of the GroupCare Group Health Benefit Plan. Consequently, defendant Blue Cross correctly interpreted the applicable plan provisions and properly denied payment for the services. Because the plaintiffs are a participant and a beneficiary of an ERISA-covered plan who brought claims for benefits under the plan, their state law claims are preempted.

& Billing Department of defendant Blue Cross, establishes that the plaintiffs were only covered under the group policy issued to Jeffery Derosia's employer, Grand Isle Shipyards. Stewart explained that she is also responsible for maintenance and custody of the insurance contracts for persons covered by HMO Louisiana, and that the plaintiffs were never covered by any policy issued by HMO Louisiana.

Plaintiffs offered no summary judgment evidence to contradict Stewart's affidavit, or any evidence to create a dispute as to whether they were covered by any insurance policy issued by HMO Louisiana at the time the medical care was provided to plaintiff Catina Marie Derosia.

In these circumstances, summary judgment for defendant HMO Louisiana is warranted, based on the undisputed fact that the plaintiffs were never covered under a policy issued by HMO Louisiana.[4]

Accordingly, HMO Louisiana, Inc.'s Motion Adopting Defendant's Motion for Summary Judgment on the Merits is granted. A separate final judgment will be entered.

Baton Rouge, Louisiana, September 29, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Summary judgment on this ground makes is unnecessary to address the issue on which summary judgment was previously granted in favor of Blue Cross.